Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Richard J. McCord, Chapter 7 Trustee for
Core Plumbing & Heating, LLC
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

CORE PLUMBING & HEATING, LLC,

         Debtor.

Chapter 7
Case No.: 18-45868-nhl

-----------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 7 Trustee
For the Estate of CORE PLUMBING & HEATING,
LLC,

         Plaintiff,

  -against-

CLOVERDALE MASTER PLUMBING &
HEATING, INC, and THE ESTATE OF
RICHARD CAIAZZO,

         Defendants.

Adv. Pro. No.20-_____-nhl

-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Richard J. McCord, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for Core Plumbing & Heating, LLC (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP, complaining of defendants, Cloverdale Master Plumbing & Heating, Inc. and the Estate of Richard Caiazzo, respectfully alleges and sets forth to this Court as follows:

### JURISDICTION AND PARTIES

1. This action arises under 11 U.S.C. §§ 541, 542, 544, 548, 549, 550 and 551 and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules"), New York Debtor & Creditor Law ("DCL") § 271 *et seq*. and New York common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for this proceeding is 11 U.S.C. §§105, 541, 542, 544, 548, 549, 550, 551, as this action arises in and under the pending Chapter 7 case of the Debtor, and New York common law.

3. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H) and (O) and 28 U.S.C. §1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5. The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. §704, having been appointed after the conversion of the debtor's case to one under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101 et. seq.) on October 11, 2018.

6. Upon information and belief, defendant Cloverdale Master Plumbing & Heating, Inc. ("Cloverdale") is a duly incorporated domestic corporation under the laws of the State of New York with a business address of 69-45 76th Street, Middle Village, NY 11379.

7. Upon information and belief, the majority shareholder of Cloverdale was Richard Caiazzo ("Caiazzo").

8. Upon information and belief Caiazzo passed away in May 2020, thereby passing his interests in and to Cloverdale to his estate (the "Estate," and collectively with Cloverdale, the "Defendants"). Upon information and belief, prior to his passing, Caiazzo was a resident of the State of New York.

## BACKGROUND FACTS

9. On October 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code.

10. On October 11, 2018, the Trustee was appointed the interim Chapter 7 Trustee, was duly qualified and now is the permanent trustee.

11. Prior to the Petition Date, the Debtor was a contractor that, among other things, engaged in the plumbing and heating business.

12. Upon information and belief, at all time relevant, Caiazzo was the majority owner of Cloverdale and controlled the business of Cloverdale.

13. Caiazzo was the sole owner of the Debtor.

14. The Debtor was incorporated on December 2, 2015.

15. Upon information and belief, between December 2015 and December 2016, the Debtor transferred no less than $60,000 directly or indirectly to Cloverdale and/or Caiazzo.

16. Between January 2017 and the Petition Date, the Debtor transferred no less than $25,000 directly or indirectly to Cloverdale and/or Caiazzo.

17. Upon information and belief, the total amount transferred by the Debtor directly or indirectly to Cloverdale and/or Caiazzo during the two (2) years prior to the Petition Date was no less than $40,000 (the "Two Year Transfers").

18. Upon information and belief the total amount transferred by the Debtor directly or indirectly to Cloverdale and/or Caiazzo from December 2015 to the Petition Date was no less than $85,000 (the "Transfers").

19. Prior to the Petition Date, and at the time of all prepetition transfers which are the subject of this Complaint, the Debtor was insolvent or was rendered insolvent thereby.

20. Upon information and belief, the Transfers, including the Two Year Transfers, were made without the providing of fair consideration or reasonably equivalent value by Cloverdale and/or Caiazzo in exchange for such transfers.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANTS</u>
### 11 U.S.C. §§ 548(a)(1)(A), 550

21. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "20" as though more fully set forth word for word herein.

22. The Two-Year Transfers were made within two (2) years of the Petition Date.

23. The Two-Year Transfers were made from Debtor funds and constituted an interest of the Debtor in property.

24. The Two-Year Transfers were made to Cloverdale and/or Caiazzo with actual intent to hinder, delay or defraud the Debtor's creditors, including J.H. Capital, LLC, under Bankruptcy Code § 548(a)(1)(A).

25. Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendants (i) avoiding the Two-Year Transfer under Bankruptcy Code § 548(a)(1)(A), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendants an amount equal to the Two-Year Transfers, which amount is not less than $40,000.00, but in an amount to be proven at trial, plus appropriate interest thereon.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANTS</u>
### 11 U.S.C. §§ 548(a)(1)(B), 550

26. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "25" as though more fully set forth word for word herein.

27. The Two-Year Transfers were made within two (2) years of the Petition Date.

28. The Two-Year Transfers were made to Cloverdale and/or Caiazzo from Debtor funds and constituted an interest of the Debtor in property.

29. The Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers.

30. Upon information and belief, the Debtor (i) was insolvent on the date that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

31. The Two-Year Transfers constitute avoidable transfers pursuant to Bankruptcy Code § 548(a)(1)(B). Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendants (i) avoiding the Two-Year Transfers under Bankruptcy Code § 548(a)(1)(B), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendants an amount equal to the Two-Year Transfers, which amount is not less than $40,000.00, but in an amount to be proven at trial, plus appropriate interest thereon.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
### 11 U.S.C. §§ 544(b), 550, DCL § 273

32. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "31" as though more fully set forth word for word herein.

33. Upon information and belief, the Debtor was either insolvent at the time it caused the Transfers to be made to Cloverdale and/or Caiazzo or were rendered insolvent thereby within the meaning of DCL § 271.

34. Upon information and belief, on the dates of the Transfers, the value of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

35. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers within the meaning of DCL § 272.

36. Upon information and belief, as of the Petition Date, there existed actual unsecured creditors of the Debtor (*e.g.*, J.H. Capital) which could have avoided any transfer of an interest of the Debtor in property that is avoidable under DCL § 273 by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

37. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

38. Upon information and belief, the Transfers were fraudulent transfers pursuant to DCL § 273 since the Debtor did not receive fair consideration therefor.

39. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendants pursuant to DCL § 273 finding that the Transfers were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b), 550(a) and 551, and awarding the Plaintiff damages in the sum of not less than $85,00.00 but in an amount to be proven at trial, plus appropriate interest thereon.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
**11 U.S.C. §§ 544(b), 550, DCL § 274**

40. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through

"39" as though more fully set forth word for word herein.

41. Upon information and belief, on the dates of the Transfers, the Debtor was engaged in a business for which the assets remaining in their hands represented an unreasonably small capital.

42. Upon information and belief, on the dates of the Transfers, the value of all of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

43. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers within the meaning of DCL § 272.

44. Upon information and belief, on the Petition Date, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers Avoidable Under NYDCL under DCL § 274.

45. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

46. Upon information and belief, the Transfers were fraudulent transfers as to the Debtor's creditors since such transfers left the Debtor with unreasonably small capital with which to engage in its business.

47. By virtue of the foregoing, Plaintiff is entitled to judgment against Defendants pursuant to DCL § 274 finding that the Transfers were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $85,000, but in an amount to be proven at trial, plus

appropriate interest thereon.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
### 11 U.S.C. §§ 544(b), 550, DCL § 275

48. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "47" as though more fully set forth word for word herein.

49. Upon information and belief, on the dates of the Transfers, the Debtor knew or should have known that it would incur debts beyond its ability to pay such debts as they matured.

50. Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires that the Transfers be declared fraudulent conveyances under DCL § 275.

51. The Transfers were fraudulent conveyances pursuant to DCL § 275.

52. Upon information and belief, on the Petition Date, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers under DCL § 275.

53. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

54. Accordingly, the Plaintiff requests a judgment against Defendants finding that the Transfers were fraudulent conveyances pursuant to DCL § 275 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $85,000, but in an amount to be proven at trial, plus appropriate interest thereon.

### AS AND FOR AN SIXTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 276

55. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "54" as though more fully set forth word for word herein.

56. Upon information and belief, on the Petition Date, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers Avoidable Under NYDCL under DCL § 276.

57. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

58. During the period December 2015 through October 10, 2018, the Debtor transferred the Transfers to Cloverdale and/or Caiazzo in the total amount of no less than $85,000, but in an amount to be proven at trial.

59. The Transfers in the amount of no less than $85,000, but in an amount to be proven at trial, could have been utilized to pay a portion of the claims of the J.H. Capital.

60. The Transfers were made with actual intent to defraud J.H. Capital.

61. By virtue of the foregoing, Plaintiff requests a judgment against Defendants finding that the Transfers were fraudulent conveyances pursuant to DCL § 276 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $85,000, but in an amount to be proven at trial, plus appropriate interest thereon.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
**11 U.S.C. §§ 544(b), 550, DCL § 276-a**

62. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "61" as though more fully set forth word for word herein.

63. In the event the Court determines that the Plaintiff may avoid the Transfers and recover the value thereof for the benefit of the Estate pursuant to Bankruptcy Code §§ 544(b) and 550 and DCL § 276, the Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to DCL § 276-a.

64. By virtue of the foregoing Plaintiff seeks a judgment in the amount of the attorneys' fees and expenses it incurs in connection with this action.

### AS AND FOR A EIGHTH CLAIM FOR RELIEF
### AGAINST THE DEFENDANTS
**Unjust Enrichment**

65. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "64" as though more fully set forth word for word herein.

66. The Transfers to Cloverdale and/or Caiazzo were impermissible transfers of the Debtor's interest in property. Consequently, Defendants were the ultimate beneficiary of such transfers under circumstances in which Defendants would be unjustly enriched if they were to retain such transfers, since the Debtor did not receive reasonably equivalent value therefor.

67. As a result, Defendants were unjustly enriched and may not in equity and good conscience retain the Transfers.

68. Based upon the foregoing, Defendants are liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $85,000, but in an amount to be proven at trial, plus appropriate interest thereon.

## **RESERVATION OF RIGHTS**

98. It is the intent of the Plaintiff to recover the transfers of property of the Debtor made to Cloverdale and/or Caiazzo prior to the Petition Date and, as such, hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfers, if any, that are not identified herein, to bring any and all other causes of action that it may maintain against Defendants, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfers or further causes of action.

**WHEREFORE,** Plaintiff prays for a judgment granting the relief against the Defendants as set forth below:

(a) Avoidance and recovery of the Two-Year Transfers in the sum of not less than $40,000, but in an amount to be proven at trial, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(A) and 550;
(b) Avoidance and recovery of the Two-Year Transfers in the sum of not less than $40,000, but in an amount to be proven at trial, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550;
(c) Avoidance and recovery of the Transfers in the sum of not less than $85,000, but in an amount to be proven at trial, plus interest, pursuant to DCL § 273 and Bankruptcy Code §§ 544(b) and 550;
(d) Avoidance and recovery of the Transfers in the sum of not less than $85,000, but in an amount to be proven at trial, plus interest, pursuant to DCL § 274 and Bankruptcy Code §§ 544(b) and 550;
(e) Avoidance and recovery of the Transfers in the sum of not less than $85,000, but in an amount to be proven at trial, plus interest, pursuant to DCL § 275 and Bankruptcy Code §§ 544(b) and 550;
(f) Avoidance and recovery of the Transfers in the sum of not less than $85,000, but in an amount to be proven at trial, plus interest, pursuant to DCL § 276 and Bankruptcy Code §§ 544(b) and 550;
(g) An award of attorneys fees pursuant to DCL § 276-a and Bankruptcy Code § 544(b);
(h) Judgment that Defendants are liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $86,332.00, plus appropriate interest thereon; and
(i) An award of such other and further relief the Court deems just and proper.

Dated: East Meadow, New York
      October 13, 2020    **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                    Attorneys for Chapter 7 Trustee, Richard J. McCord

                                    By:    /s/ Robert D. Nosek _____
                                                Richard J. McCord, Esq.
                                                Robert D. Nosek, Esq.
                                                90 Merrick Avenue
                                                East Meadow, New York 11554
                                                (516) 296-7000